**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CHRISTOPHER LAMANNA, ROSANA LAMANNA,

                                    Plaintiffs,

                -against-

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9,

                                    Defendants.

**REPORT AND RECOMMENDATION**
**2:24-cv-06716-GRB-ST**

**TISCIONE, United States Magistrate Judge:**

In 2017, The Bank Of New York Mellon ("BNY Mellon") foreclosed on Christopher and Rosana Lamanna's ("Plaintiffs") home. Some seven years later, Plaintiffs filed this action alleging improprieties surrounding the foreclosure. BNY Mellon moves to dismiss. The motion remains unopposed. Because this action: (1) was never properly served; (2) is deemed abandoned; (3) and is barred by both res judicata and the Rooker-Feldman doctrine, the motion should be GRANTED.

**BACKGROUND[1]**

I.      **Parties**

Plaintiffs Christopher and Rosana Lamanna are New York residents. BNY Mellon is a financial institution located in New York.

II.     **Factual Allegations and Procedural History**

---

[1] All factual allegations are derived from the complaint ("Compl." ECF No. 1) as well as documents integral to the filings and upon which the filings rely. *See Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005).

-1-

In June 2007, Plaintiffs received a $231,000 home loan. *See* Note and Mortgage, ECF No. 15-2. The note and mortgage were recorded with the Suffolk County Clerk August 13, 2007. *Id*. at 5. In September 2011, Plaintiffs defaulted on their mortgage. *See* Foreclosure Complaint at 5, ECF No. 15-4. In October 2011, the note and mortgage were assigned to BNY Mellon. *See* Assignment, ECF No. 15-3.  The assignment was recorded with the Suffolk County Clerk December 1, 2011. *Id*. at 3.

On September 17, 2012, BNY Mellon brought a foreclosure action in New York State Court. *See* Foreclosure Complaint. Plaintiffs failed to appear. BNY Mellon moved for default judgment and an order of reference which was granted December 29, 2016. *See* Order of Reference, ECF No. 15-6. Judgment of foreclosure was ultimately entered in favor of BNY Mellon and against Plaintiffs December 20, 2017. *See* Foreclosure Judgment, ECF No. 15-7.

In September 2024, Plaintiffs filed a post judgment motion to vacate alleging defective service. *See* Denial of Motion to Vacate, ECF No. 15-10. The motion was denied December 9, 2024. *Id*. Plaintiffs failed to timely appeal the foreclosure judgment.

Due to bankruptcy filings, the subject property has yet to be sold at auction. *See* Bankruptcy, ECF No. 15-9. Currently pending on the State Court foreclosure docket is Plaintiffs' motion to dismiss alleging *inter alia* the same claims before this Court, i.e., improprieties, fraud, lack of standing. *See* Plaintiffs' Motion to Dismiss, ECF No. 15-8. On September 23, 2024, Plaintiffs filed a complaint in this Court. *See* Compl. The complaint attacks the validity of the underlying foreclosure judgment, asserting BNY Mellon lacked standing to foreclose and acted fraudulently. *Id*. at 4–9.

While Plaintiffs paid their filing fee and summons was issued, BNY Mellon was never served. On October 9, 2024, Judge Brown issued an order noting that Plaintiffs failed to properly

serve BNY Mellon and directing Plaintiffs to file proof of service by December 23, 2024, or show good cause why service had not been effectuated. *See* ECF No. 5. No proof of service or good cause was filed. [2]

On April 29, 2025, BNY Mellon filed a motion to dismiss, which has been referred to this Court for a report and recommendation. *See* Motion to Dismiss ("Mot."), ECF No. 15; Docket Order dated December 4, 2024. The motion remains unopposed.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed R. Civ. P. 12(b)(1). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

In doing so, the Court constructs all ambiguities and draws all inferences in Plaintiffs' favor. However, under 12(b)(1) challenge, the "plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence." *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002). In making such a determination this Court is "free to consider materials extrinsic to the complaint." *Id*.

---

[2] "Plaintiffs bring causes of action for 1) unfair trade practices involving non-compliance and failure to provide a three-day cooling period, pursuant to 15 U.S.C. 1601, et. seq.; 2) missing disclosure and statement violations, pursuant to 15 U.S.C. 1635, et. seq.; 3) missing disclosure statement violations, pursuant to 15 U.S.C. 1638, et. seq.; 4) invoking the right to rescind, deceptive grouping, failing to provide a good faith estimate, and failing to disclose the calculation of the mortgage balance, pursuant to 12 C.F.R. 226, et. seq.; 5) inflation of acceleration fees, pursuant to 12 U.S.C. 2610, et. seq.; and 6) failing to give proper notice of default, right to cure, and acceleration, pursuant to 15 U.S.C. 1601, et. seq. and 12 C.F.R. 226.18." *See* Memorandum of Law at 1–2, ECF No. 15-13. Boiled to its essence, the complaint alleges BNY Mellon acted fraudulently in the foreclosure.

**DISCUSSION**

## I.      Failure to Serve

Rule 4(h) provides that a corporation may be served in accordance with pertinent state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4. Plaintiffs, however, failed to do so.

On October 9, 2024, Judge Brown issued an order noting that Plaintiffs had failed to serve BNY Mellon. *See* ECF No. 5. That order further stated "if service is not made upon the defendant by December 23, 2024, or Plaintiffs fail to show good cause why such service has not been effected, the complaint will be dismissed without prejudice." *Id*. Plaintiff failed to comply with that order.[3]

It is axiomatic that improper service obviates a court of their jurisdiction. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir.) ("[T]he plaintiff's service of process upon the defendant must have been procedurally proper" to confer jurisdiction.).

An examination of the docket reveals that Plaintiffs never effectuated service of process on BNY Mellon, nor has BNY Mellon waived service. As such, this Court is without jurisdiction to adjudicate the action.

---

[3] "It is, of course, well established that dismissal pursuant to Fed.R.Civ.P. 41(b) for lack of prosecution *or for failure to comply with an order of the court* is a matter committed to the discretion of the district court[.]" *Harding v. Fed. Rsrv. Bank of New York*, 707 F.2d 46, 50 (2d Cir. 1983) (emphases added).

Plaintiff may assert that such caviling over service is an academic endeavor due to BNY Mellon's having received notice of this litigation and its active statues in the case. Not so. "Actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service." *Buggs v. Ehrnschwender*, 968 F.2d 1544, 1548 (2d Cir. 1992) (citation and quotation marks omitted); *Morrison v. New York State Div. for Youth Child. & Fam. Ser.*, No. 98-CV-643, 2000 WL 532762, at *3 (N.D.N.Y. Apr. 25, 2000) ("Notice of suit received by means other than those authorized by statute or rule cannot serve to bring a defendant within the jurisdiction of the court.").

Accordingly, Plaintiffs' failure to effectuate adequate service of process deprives this Court of jurisdiction.

## II.    Abandonment of Claim

BNY Mellon filed their motion to dismiss April 29, 2025. *See* Mot. The motion was served on Plaintiffs on February 28, 2025. *See* Affidavit of Service, ECF No. 15-15. Plaintiffs, however, failed to oppose the motion. Indeed, Plaintiffs have been inactive on this docket since the initial filing of the complaint and summons. Additionally, Plaintiffs failed to appear for two pre-motion conferences on January 8 and January 30, 2025. *See* ECF Nos. 9 & 11.

Failure to oppose a motion to dismiss constitutes abandonment of the claim. *See Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44, 47 (2d Cir. 2018); *Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313, 328 (S.D.N.Y. 2018); *Johnson v. City of New York*, 2017 WL 2312924, at *17 (S.D.N.Y. May 26, 2017). Here, Plaintiffs failed to oppose dismissal and thus abandoned their claims.

### III.    Res Judicata

"Res judicata, or claim preclusion, operates to prevent a party from relitigating a claim after the claim has already been decided by a court of competent jurisdiction." *Charell v. Gonzalez (In re Gonzalez),* 241 B.R. 67, 72 (S.D.N.Y.1999). Res judicata applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

First, a default judgment constitutes an adjudication on the merits. To be sure, "[a] default judgment is typically considered a final judgment on the merits sufficient to invoke *res judicata.*" *Aghaeepour v. N. Leasing Sys., Inc.*, 378 F. Supp. 3d 254, 265 (S.D.N.Y. 2019). Relevant here, "[a] judgment of foreclosure and sale obtained by default constitutes a decision on the merits." *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012). BNY Mellon obtained a judgment of foreclosure and sale by default in the State Court proceeding. *See* Foreclosure Judgment, ECF No. 15-7. The first elements established.

Second, there is privity of parties between this action and the State Court action. In the State Court action, BNY Mellon sued Plaintiffs. A cursory review of both dockers reveals as much. *See Niles*, 859 F. Supp. 2d at 318 (privity established where parties named in state court foreclosure action and federal action). The second element is established.

Third, the claims before this Court could have been raised in the State Court foreclosure action.[4]   "[A] final judgment on the merits of an action precludes the parties or their privies from

_____

[4] To the extent Plaintiffs assert res judicata is inapplicable because the claims here could only have been defenses in the foreclosure action, such fails. *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992) (emphasis added) (Res judicata prevents relitigating "any issue *or defense* that could have been raised[.]").

relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Here, Plaintiffs complaint, boiled down to its essence, alleges BNY Mellon lacked standing to foreclose. Compl. at 5-6. In doing so, Plaintiffs allege BNY Mellon acted fraudulently and never received proper assignment of the note and mortgage. *Id*. The veracity of these allegations, however, is immaterial as they could have been brought in the foreclosure action. Indeed, standing is an oft-litigated issue in foreclosure cases. *See CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 337 (2d Cir. 2021); *Blue Castle (Cayman) Ltd. v. Miller*, 772 F. Supp. 3d 416, 425 (S.D.N.Y. 2025); *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016).

Further, these claims now *have* been raised on the State Court docket through Plaintiffs' motion to dismiss. *See* Plaintiffs' Motion to Dismiss. The allegations set forth there are substantially identical to the immediate action – fraud, standing, improper assignment – and are thus duplicative for purposes of res judicata.

While res judicata is "ordinarily pled as affirmative defenses and thus [will not] typically serve as the basis for a pre-answer motion to dismiss," *Magi XXI, Inc. v. Stato Della Cit%22a Del Vaticano*, 22 F. Supp. 3d 195, 201 (E.D.N.Y. 2014), "[i]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998). Here, the foreclosure proceeding and all pertinent documents are publicly recorded with the New York state court system and Suffolk County Clerk. Such serves as an appropriate basis for dismissal. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (holding courts may take notice of publicly filed documents).

This Court is further persuaded by New York's transactional interpretation of res judicata. "Under New York's transactional approach to res judicata, once a claim is brought to a final

-7-

conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Sosa v. JP Morgan Chase Bank*, 33 A.D.3d 609, 611 (2006) (citation and quotation marks omitted). The transactional test asks "whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *N.L.R.B. v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). Plaintiffs' claims arise out of the same transaction – i.e., the foreclosure proceeding – and rely on the same facts and evidence.

This action is therefore barred by res judicata.

## IV.    Rooker-Feldman Doctrine

Plaintiffs' claims are also barred by the Rooker-Feldman doctrine.[5] The Rooker-Feldman doctrine stands for the proposition that federal district courts lack jurisdiction to review state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283–84 (2005).  The Rooker–Feldman doctrine has four requirements: (1) the federal-court plaintiff lost in state court; (2) the plaintiff's injury is caused by the state court judgment; (3) the plaintiff invites review of the state court judgment; and (4) the state judgment was issued before the federal action commenced. *Hoblock v. Albany Cnty. Bd. of Elecs.,* 422 F.3d 77, 85 (2d Cir.2005). Here, all factors are easily met.

As to the first element, Plaintiffs lost at the state court level via default judgment and entry of foreclosure. *See supra*.

As to the second and third elements, Plaintiffs' complaint challenges the state court judgment, inviting review of the underlying foreclosure. At its core, Plaintiffs seek remedy "of an

---

[5] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

injury caused by a state judgment" – i.e., foreclosure. *Hoblock*, 422 F.3d at 87. This causal requirement is satisfied where "the state court itself is the decision-maker whose action produces the injury." *Sindone v. Kelly*, 439 F.Supp.2d 268, 272 (S.D.N.Y. 2006).

Here, Plaintiffs' injury is the loss of their home. Such a complaint demands review of the state court judgment.  To be sure, the Second Circuit has routinely held as much. *See Swiatkowski v. Citibank*, 446 F. App'x 360, 361 (2d Cir. 2011) (applying Rooker-Feldman where claims "depended entirely on the validity of the underlying state court foreclosure judgment."); *Ford v. U.S. Dep't of Treasury I.R.S.*, 50 F. App'x 490, 491 (2d Cir. 2002) (applying Rooker-Feldman where "claims regarding the alleged fraud . . . with respect to the foreclosure judgment are inextricably intertwined with the state court's underlying foreclosure judgment."); *In re Wilson*, 410 F. App'x 409, 410 (2d Cir. 2011) ("application of the *Rooker–Feldman* doctrine was warranted in light of the connection between Wilson's federal complaint and the state court default foreclosure judgment"); *Russo v. GMAC Mortg., LLC*, 549 F. App'x 8, 10 (2d Cir. 2013); *Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021).

As to the fourth and final element, this action commenced some seven years after the state judgment was issued. BNY Mellon received the foreclosure judgment December 20, 2017. *See* Foreclosure Judgment, ECF No. 15-7. This action was filed September 23, 2024. Compl.  The Rooker-Feldman doctrine thus applies.

As a final point, Plaintiffs should not be given leave to replead. Generally, leave to replead should be given if "the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Such is not the case here, where Plaintiffs' legal theory is without merit. "The problem with [Plaintiffs'] causes of action is substantive; better pleading

will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

This Court respectfully recommends the District Court GRANT Defendant's motion to dismiss.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/ Steven Tiscione

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
February 27, 2026